**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------------------------------X
PRITI GUPTA and SRINIVAS BANDAMEDE,
*individually and on behalf of FLSA Collective Plaintiffs*      Case No.
*and the Class*,

                                        Plaintiff,

                                                                **COLLECTIVE AND CLASS**
                                                                **ACTION COMPLAINT**

     -against-

URBAN FOOD BAZAAR LLC, URBAN LOGISTICS, LLC,
JESAL PAREKH and MAXIMUS D'SOUZA, *individually*


                                        Defendants.
-------------------------------------------------------------------------------X

Plaintiffs Priti Gupta ("Gupta") and Srinivas Bandamede ("Bandamede") (collectively "Plaintiffs"), on behalf of themselves, FLSA Collective Plaintiffs and the Class, allege against Defendants Urban Food Bazaar LLC ("UFB"), Urban Logistics, LLC ("UL"), Jesal Parekh and Maximus D'Souza (collectively, Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Plaintiffs were former customer service representatives, warehouse packaging and drivers at Defendants' grocery packaging and delivery service in Jersey City and Short Hills, New Jersey. Plaintiffs were compensated straight time for all hours in which they worked, despite the fact that they were non-exempt employees and typically worked in excess of forty (40) hours each week.

2. Defendants payment schemes resulted in systematic underpayment of wages to Plaintiffs and Defendants' other similarly situated non-management employees in violation of the federal and state wage laws.

1

3. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. § 201 *et. seq.* ("FLSA") that they and similarly situated employees of Defendants are entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime, (3) unpaid minimum wage, (4) liquidated damages and (5) attorneys' fees and costs.

4. Plaintiff further allege, pursuant to the New Jersey Wage and Hour Law, N.J.S.A. 34:14-56a *et. seq.* ("NJWHL") and the New Jersey Wage Collection Law ("NJWCL") that they and similarly situated employees of Defendants are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) unpaid wages, (4) liquidated damages and (5) attorneys' fees and costs.

5. Plaintiffs bring FLSA claims on behalf of themselves and all other similarly situated employees who worked for the Defendants at any time during the three (3) years prior to the commencement of this action ("Collective" members).

6. Plaintiffs bring their claims under NJWHL and NJWCL on behalf of themselves and all other similarly situated employees who worked for the Defendants at any time during the six (6) years prior to the commencement of this action ("Class" or "Class Action Members").

7. Plaintiff alleges that pursuant to the FLSA and NJWHL, that they and other similarly situated employees, are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wage (3) statutory penalties for wage notice violations, (4) liquidated damages and (5) attorneys' fees and costs.

8. In addition, Defendants employ similarly situated employees on a cash-basis without withholding proper Federal and State tax, social security, FICA, and employee withholding deductions. Accordingly, Plaintiffs brings this action on behalf of similarly situated employees pursuant to Internal Revenue Code 26 U.S.C. § 7434 for relief, damages, fees and costs in this matter because

Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 because this action involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under New Jersey state law.

10. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

12. The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## PARTIES

13. Plaintiff Gupta was and is a resident of Hudson County, New Jersey.

14. Plaintiff Bandamede was and is a resident of Hudson County, New Jersey.

15. Defendant Urban Food Bazaar, LLC was and is a domestic for-profit corporation organized under the laws of the State of New Jersey, with a principle place of business at 1 Green Street, Unit 105 Jersey City, New Jersey 07301 and 120 Old Short Hills Road Short Hills, New Jersey 07078.

16. Defendant Urban Logistics, LLC was and is a domestic for-profit corporation organized under the laws of the State of New Jersey, with a principle place of business at 1 Green Street, Unit 105 Jersey City, New Jersey 07301 and 120 Old Short Hills Road Short Hills, New Jersey 07078.

17. At all times relevant to this action, UFB and UL have been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

18. Defendant Jesal Parekh ("Parekh"), upon information and belief, was and is a resident of the State of New Jersey.

19. Defendant Maximus D'Souza ("D'Souza"), upon information and belief, was and is a resident of the State of New Jersey.

20. UFB and UL operate an on-line grocery delivery platform for delivery of groceries and other items to customers in interstate commerce.

21. At all times relevant to this action, Parekh was and is an executive, director, member, and owner of UFB and UL.

22. At all times relevant to this action, D'Souza was and is an executive, director, member, and owner of UFB and UL.

23. Defendants Parekh and D'Souza exercised control over the employment terms and conditions of Plaintiffs and similarly situated employees and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiffs and similarly situated employees.

24. At all times, Plaintiffs could complain to Parekh and D'Souza directly regarding any of the terms of their employment, and Parekh and D'Souza would have the authority to effect any changes to the quality and terms of Plaintiffs' employment.

25. Defendants Parekh and D'Souza exercised functional control over the business and financial operations of employees, including payments of cash wages, recording hours, tax withholdings, wage notices, and adhering to Federal and State regulations for employment practices and compensation.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including customer representatives, warehouse employees, delivery employees, packaging employees, and administrative staff employed by the Defendants on or after the date that is three (3) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

27. At all relevant times, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper minimum wages and overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of the Plaintiffs stated herein are essentially the same as those of the FLSA Collective Plaintiffs.

28. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail in English, Hindi, Punjabi, Spanish or any other language for the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW JERSEY

29. Plaintiffs also bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including customer representatives, warehouse employees, delivery employees, packaging employees and administrative staff employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class period").

30. All said persons, including the Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member are also determinable from the Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

31. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of twenty (20) Class Members.

32. The Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper minimum wage, and (ii) failing to pay overtime compensation. Defendants' corporate-wide policies and practices affected all Class

members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. The Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

33. The Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. The Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

34. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress to wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action.

35. The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

36. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class,

establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

37. Defendants and other employers throughout the state violate the New Jersey wage laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

38. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   (a) Whether Defendants employed the Plaintiffs and Class members;

   (b) What are and were the policies, practices, programs, procedures, protocols and plans of the Defendants regarding the types of work and labor for which the Defendants did not pay the Class members properly;

   (c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Plaintiffs and Class members for their work;

   (d) Whether Defendants properly notified the Plaintiffs and Class members of their hourly rate and overtime rate;

   (e) Whether Defendants paid the Plaintiffs and Class members the proper minimum wage compensation; and

(f) Whether Defendants paid the Plaintiffs and Class members the proper overtime compensation.

## FACTUAL ALLEGATIONS

39. Defendants own and operate an on-line platform and delivery service for groceries and other items in interstate commerce.

Wage Claims for Plaintiff Gupta

40. Plaintiff Gupta commenced employment with Defendants on or about February 2017 as a Customer Care Representative/Specialist.

41. Plaintiff Gupta was assigned to provide customer support by way of answering calls and complaints by phone and email.

42. Plaintiff Gupta was also supporting delivery persons on a call and communicating by and between customers and drivers with regard to the delivery of the groceries and items.

43. Plaintiff Gupta received a flat gross salary of $23,400 paid bi-weekly despite working 15 hours a day and being on call for any customer support throughout the day.

44. Plaintiff Gupta would routinely answer calls, complaints, or provide delivery communication support up to midnight.

45. Plaintiff Gupta would work, at minimum, six days per week for Defendants, fifteen hours per day, from 9am to 12am.

46. Plaintiff Gupta was required to be on call at all times and provide support working remotely and at times at the warehouse.

47. Defendants failed to provide Gupta with a wage notice, upon her hire or annually.

48. Defendants failed to provide Gupta with proper wage statements indicating the number of hours she worked for each payment she received.

49. Defendants failed to maintain time records as to Gupta's hours worked.

50. Although Plaintiff Gupta worked over forty hours per week, Defendants never paid Gupta at the required overtime premium rate.

51. Plaintiff Gupta was a non-exempt employee and despite the number of hours she worked, she was compensated on a flat salary and at times, not compensated entirely.

52. On or about September 2018, Defendants entirely ceased compensating Plaintiff Gupta despite her working for Defendants up to and including October 26, 2018.

53. Upon Plaintiff Gupta complaining to Defendants about non-payment and violation of wages, Plaintiff Gupta was effectively terminated.

<u>Wage Claims for Plaintiff Bandamede</u>

54. Plaintiff Bandamede commenced employment with Defendants on or about January 2016 as a warehouse employee.

55. Plaintiff Bandamede was assigned to gather and package groceries and other items in the warehouse for delivery.

56. Plaintiff Bandamede would also operate the vans of the Defendants, often picking the vans up from Secaucus and returning the vans by and between Defendants warehouses in Jersey City.

57. Plaintiff Bandamede would work, at minimum, five days per week for Defendants, 10 hours per day, from 10am to 7pm.

58. Plaintiff Bandamede was a non-exempt employee.

59. Despite his non-exempt status, Defendants would pay Plaintiff Bandamede a flat salary of $833.30 on a bi-weekly basis.

60. Plaintiff Bandamede worked in excess of 40 hours per week but was not compensated at the overtime rate.

61. Defendants failed to provide Bandamede with a wage notice, upon his hire or annually.

62. Defendants failed to provide Bandamede with proper wage statements indicating the number of hours he worked for each payment he received.

63. Defendants failed to maintain time records as to Bandamede's hours worked.

64. Although Plaintiff Bandamede worked over forty hours per week, Defendants never paid Bandamede at the required minimum wage and overtime premium rate.

65. Plaintiff Bandamede was a non-exempt employee and despite the number of hours he worked, he was compensated on a flat salary and at times, not compensated entirely.

66. Upon Plaintiff Bandamede complaining of the improper pay and withholding of his pay entirely, Plaintiff Bandamede was effectively terminated.

67. Defendants knew that the foregoing acts violated the law, and that they would economically injure Plaintiffs.

68. As a result of Defendants' conduct, Defendants are liable to Plaintiffs for the full amount of unpaid wages owed, plus an additional equal amount as liquidated damages, plus attorneys' fees and costs incurred by Plaintiffs.

## COUNT I
**(FLSA – Unpaid Minimum Wage and Unpaid Wages)**

69. Plaintiffs hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

70. The FLSA requires covered employees, such as Defendants, to pay all employees their regular rate of pay for all hours worked. Plaintiffs were not exempt from this requirement.

71. Defendants failed to regularly pay Plaintiffs at their minimum wage considering the number of hours Plaintiffs worked.

72. As a result of Defendants' failure to pay minimum wage, Defendants violated the FLSA.

73. The foregoing conduct of Defendants constitutes willful violations of the FLSA.

74. Defendants' violations of the FLSA have significantly damaged Plaintiffs and entitle them to recover the total amount of his unpaid wages, and an additional equal amount in liquidated damages, and attorney's fees and costs.

## COUNT II
### (FLSA – Unpaid Overtime)

75. Plaintiffs hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

76. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

77. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

78. Defendants' failure to pay overtime caused Plaintiffs to suffer loss of wages and interest thereon. Plaintiff s are entitled to recover from Defendants this unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## COUNT III
### (NJWHL – Unpaid Minimum Wage)

79. Plaintiffs hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

80. Defendants intentionally and willfully regularly failed to pay and refused to pay Bandamede minimum wage, in violation of New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.7, the New

Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, and the New Jersey Wage and Hour Regulations, N.J.A.C. § 12:56-1.2(a)6.

81. Defendants' willful violations entitle Plaintiff to his unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action to be determined by the court, plus interest.

## COUNT IV
### (NJWHL – Unpaid Overtime)

82. Plaintiffs hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

83. Defendants intentionally and willfully failed to pay and refused to pay Plaintiffs overtime wages in violation of New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1 et seq., the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a4, and the New Jersey Wage and Hour Regulations, N.J.A.C. § 12:56-5.1, throughout their employment.

84. Defendants' willful violations entitle Plaintiffs to the recovery of unpaid overtime, liquidated damages, reasonable attorneys' fees and costs of the action to be determined by the court, plus interest.

## COUNT V
### (NJWCL – Unpaid Wages)

85. Plaintiffs hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

86. The NJWCL provides a private cause of action to allow aggrieved employees, like Plaintiffs, to demand and collect all "wages" due and owed.

87. Defendants entirely failed to pay Plaintiffs wages for months.

88. As a result, Plaintiffs have been damaged in an amount to be determined at trial, plus interest.

## COUNT VI
## (NJWHL – Untimely Payments)

89. Plaintiffs hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

90. NJWHL 34:11-4.2 requires that "every employer shall pay the full amount of wages due to his employees as least twice during each calendar month, on regular pay days designated in advances by the employer…"

91. Defendants regularly failed to pay Plaintiffs, in accordance with NJWHL 34:11-4.2

92. As a result, Plaintiffs have been damaged in an amount to be determined at trial, plus interest.

## COUNT VII
## (FLSA Retaliation)

93. Plaintiffs hereby repeats and reallege the preceding paragraphs as though they were fully set forth herein.

94. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or caused to be instituted any proceeding under or related to this Act…"

95. During the course of Plaintiffs' employment with Defendants, Plaintiffs complained about being improperly paid and not receiving compensation.

96. Plaintiffs were retaliated against for complaining, ultimately resulting in Plaintiffs' constructive termination.

97. As a result, Plaintiffs have been damaged in an amount to be determined at trial, plus interest.

**COUNT VIII**
**(CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434(a))**

98. Plaintiffs, on behalf of themselves and the Class Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

99. By failing to provide Plaintiffs and Collective Action Members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiffs and the Class as compensation for all of the work performed during the course of employment with the Defendants, and failing to properly report employee income and withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

100. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully prays for an Order:

A. Requiring Defendants to file with the Court and provide to Plaintiff's counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendants as non-exempt during the applicable statute of limitations period, but were not paid overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week;

B. Authorizing Plaintiff's counsel to issue a notice informing Class Members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

C. Designating Plaintiffs Priti Gupta and Plaintiff Srinivas Bandamede as class representatives of the New Jersey Class, and counsel of record as Class Counsel;

D. Finding that Defendants willfully violated the applicable provisions of the FLSA and NJSWHL by failing to pay all required wages to Plaintiffs and the Class Members;

E. Granting judgment in favor of Plaintiffs and the Class Members on their FLSA and NJSWHL claims;

F. Awarding compensatory damages to Plaintiffs and the Class Members in an amount to be determined;

G. Awarding pre-judgment and post-judgment interest to Plaintiffs and the Class Members;

H. Awarding liquidated damages to Plaintiffs and the Class Members;

I. Awarding all costs and reasonable attorney's fees incurred prosecuting this claim;

J. Awarding reasonable incentive awards to the Named Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interest of other Class Members, and the risks they are undertaking;

K. Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

L. Awarding any further relief, the Court deems just and equitable; and

M. Granting leave to add additional case plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury in the above-captioned matter.

Dated: January 23, 2019
New York, New York

        Respectfully submitted,

        **Akin Law Group PLLC**

        */s/ Robert D. Salaman*
        _____

        Robert D. Salaman
        45 Broadway, Suite 1420
        New York, NY 10006
        (212) 825-1400

        *Counsel for Plaintiffs*