## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT (the "Settlement Agreement") is entered into as of this 23 day of Nov, 2019, by and between: (i) Plaintiff Priti Gupta ("Gupta") and Srinivas Bandamede ("Bandamede") (collectively, "Plaintiffs"); and (ii) Urban Food Bazaar LLC, Urban Logistics, LLC and Jesal Parekh ("Parekh") (collectively "Defendants"). Plaintiffs and Defendants are each referred to herein as a "Party" and together as the "Parties."

### Recitals

WHEREAS on January 23, 2019, Plaintiffs filed a lawsuit in the United States District Court for the District of New Jersey captioned Gupta & Bandamede v. Urban Food Bazaar LLC, et al. (Case No. 19-CV-993) (the "Lawsuit"), seeking damages against Defendants to the Lawsuit;

WHEREAS Plaintiffs asserted claims against all Defendants, seeking to recover unpaid minimum wages, overtime pay, and other monies pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, 15(a)(3), 26 U.S.C. §§ 7434(a), the New Jersey State Wage and Hour Law ("NJWHL"), N.J.A.C. 12:56-57 and the New Jersey Wage Payment Law, ("NJWPL"), N.J.S.A. 34:11-4.1 et seq;

WHEREAS all Defendants, filed an Answer to the Lawsuit, asserting certain Affirmative Defenses and denying any liability for the claims asserted in the Lawsuit;

WHEREAS the Parties wish to avoid the uncertainties and expenses of the proceedings in this matter and desire to fully resolve and settle all claims, including those asserted in, arising out of, or related to the allegations set forth in the Lawsuit, and;

WHEREAS the Parties negotiated at arm's length and reached this Settlement Agreement

in good faith;

### The Agreement

1. **Release.** Plaintiffs, and all their heirs, executors and administrators, insurers, agents, successors, and assigns, agree to release forever with prejudice Defendants, their current and past officers, board members, directors, employees, agents, subsidiaries, parents, affiliates, predecessors, insurers, attorneys, members, successors and assigns, and all persons acting in such capacities, and all of their heirs, executors and administrators, from all actions, suits, claims and demands in law or equity, that Plaintiffs ever had, now have, or may have, resulting from anything which has happened up until now, including, by way of example rather than limitation, any matter, cause or claims relating in any way to the matters asserted in the Lawsuit and otherwise, including but not limited to all claims of ~~discrimination and/or retaliation, violations of the Family and Medical Leave Act, Title VII of the Civil Rights Act, the Civil Rights Act of 1991, Sections 1981 through 1988 of Title 42 of the United States Code, The Employee Retirement Income Security Act (except for any vested benefits under any tax qualified benefit plan), the Fair Credit Reporting Act, the Americans with Disabilities Act, the Rehabilitation Act,~~ (the FLSA, the NJWHL, the NJWPL,) ~~the New Jersey Human Rights Law, the New Jersey Whistleblower Law (the New Jersey Conscientious Employee Protection Act), the Age Discrimination in Employment Act, the Equal Pay Act, for breach of contract, unjust enrichment, wrongful termination, constructive discharge, civil conspiracy, or any other federal, state or local law or ordinances and any common law claims under tort, contract or any other theories now or hereafter recognized.~~ The release recited in this Paragraph shall include any and all claims which Plaintiffs may have for any type of damages cognizable under any of the laws or causes of action referenced in this Settlement Agreement, including, but not limited to, any and all claims for

[Margin annotations: "MS 1/29/20", "JMPA 2/18/2020", "wage"]

compensatory damages, punitive damages, and specifically including any claims for attorneys' fees.

However, nothing in this release is intended to operate as a release and full settlement of any right Plaintiffs may have to receive benefits hereunder and/or any statutory right Plaintiffs may have to receive unemployment or worker's compensation benefits.

2. **Consideration.** In consideration for signing this Settlement Agreement and the fulfillment of the promises herein, Parekh agrees to pay to Plaintiffs and their attorneys, the total sum of Thirty Seven Thousand Five Hundred Dollars and No Cents ($37,500.00). This payment is inclusive of all claims for attorneys' fees and expenses. The payment shall be made as follows:

(a) Parekh agrees to pay the sum of Three Thousand Eight Hundred Dollars ($3800.00) by cashiers' check made payable to Priti Gupta and the sum of Two Thousand Seven Hundred Dollars ($2700) by cashiers' check made payable to Srinivas Bandemede within thirty (30) days of judicial approval of the settlement;

(b) Parekh agrees to pay the sum of Three Thousand Eight Hundred Seventy Five Dollars ($3875.00) within sixty (60) days of judicial approval of the settlement by check made payable to "Akin Law Group PLLC";

(c) Parekh agrees to pay the sum of Three Thousand Eight Hundred Seventy Five Dollars ($3875.00) within ninety (90) days of judicial approval of the settlement by check made payable to "Akin Law Group PLLC";

(d) Parekh agrees to pay the sum of Three Thousand Eight Hundred Seventy Five Dollars ($3875.00) within one hundred twenty (120) days of judicial approval

of the settlement by check made payable to "Akin Law Group PLLC";

(e) Parekh agrees to pay the sum of Three Thousand Eight Hundred Seventy Five Dollars ($3875.00) within one hundred fifty (150) days of judicial approval of the settlement by check made payable to "Akin Law Group PLLC";

(f) Parekh agrees to pay the sum of Three Thousand Eight Hundred Seventy Five Dollars ($3875.00) within one hundred eighty (180) days of judicial approval of the settlement by check made payable to "Akin Law Group PLLC";

(g) Parekh agrees to pay the sum of Three Thousand Eight Hundred Seventy Five Dollars ($3875.00) within two hundred ten (210) days of judicial approval of the settlement by check made payable to "Akin Law Group PLLC";

(h) Parekh agrees to pay the sum of Three Thousand Eight Hundred Seventy Five Dollars ($3875.00) within two hundred forty (240) days of judicial approval of the settlement by check made payable to "Akin Law Group PLLC"; and

(i) Parekh agrees to pay the sum of Three Thousand Eight Hundred Seventy Five Dollars ($3875.00) within two hundred seventy (270) days of judicial approval of the settlement by check made payable to "Akin Law Group PLLC";

3. **Default and Cure.** In the event Parekh fails to make any of the Settlement Payments, including the Monthly Payments, Plaintiffs shall serve by Federal Express or UPS (in either case, with signature receipt confirmation) and email a notice of default to Parekh's counsel, Bratti Greenan LLC, 1040 Broad Street, Suite 104, Shrewsbury NJ 07702, agreenan@brattigreenan.com. If Parekh fails to cure the default within ten (10) days of Parekh's receipt of the Federal Express or UPS mailing, the entire balance of the Settlement

Payments then due and owing shall accelerate and become fully due and payable, and Plaintiffs shall be entitled to have entered the Consent Judgment annexed hereto as **Exhibit A**, which shall be held in escrow by Plaintiffs' counsel. Upon Parekh's payment of all of the Settlement Payments, Plaintiffs' counsel shall return the original Consent Judgment to Defendant Parekh's counsel or may destroy same and certify the destruction of same by email to Defendants' counsel. Plaintiffs shall be entitled, in any proceeding to enforce this Settlement Agreement, to reasonable attorneys' fees and costs.

4. **Tax Consequences.** Defendants make no representations or warranties regarding any tax issues relating to the settlement payment provided for in this Settlement Agreement. Plaintiffs acknowledge they have not relied upon any advice from Defendants concerning the taxability of the amounts to be paid under this Settlement Agreement. Plaintiffs shall indemnify and hold harmless Defendants and Defendants' counsel from any and all liability for taxes, interest and penalties in connection with this Settlement Agreement.

Should it be determined that any payment made to Plaintiffs pursuant to this Settlement Agreement constitute gross income within the meaning of the Internal Revenue Code of 1986, as amended, or under any other federal, state or local statute or ordinance, Plaintiffs shall be solely liable for and agree to pay any amount that may be determined to be due and owing by them as taxes, interest and penalties arising out of such payments.

5. **Dismissal of Litigation.** This Lawsuit shall be dismissed with prejudice. The Defendants shall jointly execute a stipulation of dismissal attached hereto as **Exhibit B** and any other documents required by the Court as necessary to effectuate dismissal.

6. **No Admission.** This Release is the result of a compromise and settlement of disputed claims and shall never at any time, for any purpose, be considered an admission of

liability or responsibility of the Defendants, who continue to deny such liability and to disclaim such responsibility. Defendants deny they violated any federal, state or local statute, ordinance or regulation or any duty allegedly owed by Defendants to Plaintiffs, on any basis.

7. ~~Confidentiality. The Parties agree that the existence and the terms and conditions of this Agreement shall remain confidential insofar as permitted by law.~~ The Parties agree to not actively discuss the existence or terms and conditions of this Agreement with third parties. ~~Nothing herein shall be construed to prevent Plaintiffs from discussing the existence or terms and conditions of this Agreement with: (i) Plaintiffs' spouses, who shall be instructed that the existence and the terms and conditions of this Agreement are confidential; (ii) Plaintiffs'~~ financial and legal advisors, as necessary to seek professional services and/or advice; ~~or (iii) any persons as required by compulsory legal process.~~ Nothing herein shall be construed to prevent ~~Defendants from discussing the existence or terms and conditions of this Agreement with their~~ legal counsel, financial advisors, those with a legal or business reason to know such information, ~~taxing authorities or as necessary to~~ comply with their disclosure obligations under the law. Additionally, the Parties agree not to actively publish information about the existence or terms and conditions of this Agreement. ~~This prohibition shall include, but shall not be limited to, verbal communications, e-mail or text message communications, writing a letter to the editor of any publication, posting of any comments or communication on any website, weblog, or "blog" on-line Internet forum, or in any chat room including but not limited to any social media outlets such as Facebook, Twitter, Snap Chat, Instagram, Google+, etc. The Parties agree that if contacted by any third party, including any member of the press or media or the general public, the only statement which will be made is, "No Comment" or "The matter has been resolved."~~ Notwithstanding the above, the Parties acknowledge that, to the extent required to achieve dismissal of the Lawsuit,

RS
1/14/2020

[initials]
2/18/2020

~~the Parties may disclose the existence and terms of the Agreement to the Court, and via public filing on the Court's ECF system, as may be required by the Court to terminate the lawsuit.~~

8. **Entire Agreement.** It is further understood and agreed that this document represents the complete agreement between the Parties hereto and that there are no written or oral understandings or agreements directly or indirectly connected with this Release that are not fully incorporated herein. This Settlement Agreement supersedes and replaces any other offer, employment contract, or agreements and there are no other agreements or understanding except as set forth herein.

9. **Knowing and Voluntary Acceptance of Terms.** Plaintiffs warrant and represent that they have carefully read this Release and know and fully understand the contents thereof, and that they are signing the same as their own free act. Plaintiffs intend to be legally bound by all promises contained herein. Plaintiffs further warrant and represent that they have not been influenced in any manner whatsoever in making and signing this Release by representations or inducements by Defendants.

10. **Governing Law.** This Release shall be construed in accordance with and governed by the laws of the State of New Jersey, without reference to New Jersey conflict of laws rules.

11. **Warranties and Indemnification Relating to Medicare/Medicaid Claims.** Plaintiffs affirm, covenant, and warrant they are not Medicare eligible and have made no claim for illness or injury against, nor know of any facts supporting any claim against the Defendants under which Defendants could be liable for medical expenses incurred by Plaintiffs before or after the execution of this Settlement Agreement. Plaintiffs are not aware of any medical expenses which Medicare or Medicaid has paid and for which the Defendants are or could be

liable now or in the future. Plaintiffs agree and affirms that, to the best of his knowledge, no liens of any governmental entities, including those for Medicare Conditional Payments (as defined by the Medicare Secondary Payer Statute and implementing regulations) exist.

Plaintiffs agree to indemnify and hold harmless the Released Parties from any and all claims, demands, liens, subrogated interests, and causes of action of any nature or character which have been or may in the future be asserted by Medicare, Medicaid, and/or persons or entities acting for Medicare or Medicaid, or any other person or entity, arising from or related to this Settlement Agreement, the Payment in paragraph 2, any Conditional Payments made by Medicare, any Assistance paid by Medicaid, or any medical expenses or payments arising from or related to any released accident, occurrence, injury, illness, disease, loss, claim, demand, or damages subject to the Settlement Agreement.

It is agreed the Defendants expressly rely upon the promises, representations, and warranties made by Plaintiffs in this Settlement Agreement relating to any breach of such promises, representations, and warranties and any breach would constitute a material breach of this Settlement Agreement. If any such breach occurs the Defendants shall be entitled to Plaintiffs' satisfaction of any payments owed to Medicare or Medicaid arising out of this Settlement Agreement.

12. **Capacity. Assignment.** Plaintiffs warrant that they are duly authorized and legally competent to execute this Settlement Agreement and that no approvals or consents of any other persons, entities or agencies are necessary. Plaintiffs represent and warrant that they have not sold, assigned, transferred, conveyed, encumbered, or otherwise disposed of any portion of their claims arising out of the Lawsuit described herein.

Plaintiffs agree and represent that they have carefully read the terms of this Settlement

Agreement, including the Release in paragraph 1, with their attorney; Plaintiffs acknowledge they had an opportunity to receive advice about the terms and legal effects of this Settlement Agreement; Plaintiffs understand the meaning and effect of the terms of this Settlement Agreement, including the release; Plaintiffs' decision to sign this Settlement Agreement, including the release, is of Plaintiffs' own free and voluntary act without compulsion of any kind; no promise or inducement not expressed in this Settlement Agreement has been made to Plaintiffs; Plaintiffs have adequate information to make a knowing and voluntary waiver.

**Acknowledgment.** PLAINTIFFS UNDERSTAND THE TERMS OF THIS SETTLEMENT AGREEMENT AND RELEASES FOREVER DEFENDANTS FROM ANY LIABILITY ARISING FROM PLAINTIFFS' LAWSUIT. PLAINTIFFS SIGN THIS SETTLEMENT AGREEMENT OF THEIR OWN FREE WILL IN EXCHANGE FOR THE CONSIDERATION TO BE GIVEN TO PLAINTIFFS, AS SET FORTH ABOVE, WHICH PLAINTIFFS ACKNOWLEDGE AS ADEQUATE AND SATISFACTORY. NONE OF THE DEFENDANTS, NOR THEIR REPSPECTIVE AGENTS, REPRESENTATIVES OR EMPLOYEES, HAVE MADE ANY REPRESENTATIONS TO PLAINTIFFS CONCERNING THE TERMS OR EFFECTS OF THIS SETTLEMENT AGREEMENT, OTHER THAN THOSE CONTAINED IN THE SETTLEMENT AGREEMENT.

13. **Third Party Beneficiaries.** All of the Released Parties, whether signatories and parties this Settlement Agreement or not, are intended third-party beneficiaries of this Settlement Agreement to whose benefit the terms of this Settlement Agreement shall inure. The third-party beneficiaries shall have standing to rely upon or to enforce the terms of this Settlement Agreement.

14. **Execution in Counterparts.** This Settlement Agreement may be executed in

counterparts, each of which shall be an original and all of which, when taken together, shall constitute a single agreement.

**READ THIS ENTIRE DOCUMENT BEFORE SIGNING!**

BY:

_____
PRITI GUPTA

Dated: NOV 21st 2019

BY:

_____
SRINIVAS BANDAMEDE

Dated: 11-21-2019

BY: _____

URBAN FOOD BAZAAR, LLC

Dated:

BY: _____

URBAN LOGISTICS, LLC

Dated:

BY:

counterparts, each of which shall be an original and all of which, when taken together, shall constitute a single agreement.

**READ THIS ENTIRE DOCUMENT BEFORE SIGNING!**

BY: _____

PRITI GUPTA

Dated:

BY: _____

SRINIVAS BANDAMEDE

Dated:

BY: JESAL PAREKH

*/s/ Jesal Parekh*

URBAN FOOD BAZAAR, LLC

Dated: 11/21/2019

BY: JESAL PAREKH

*/s/ Jesal Parekh*

URBAN LOGISTICS, LLC

Dated: 11/21/2019

BY: JESAL PAREKH

JESAL PAREKH

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PRITI GUPTA and SRINIVAS BANDAMEDE, individually and on behalf of FLSA Collective Plaintiffs and the Class, <br><br> *Plaintiffs,* <br><br> vs. <br><br> URBAN FOOD BAZAAR LLC, URBAN LOGISTS, LLC, JESAL PAREKH and MAXIMUS D'SOUZA, individually, <br><br> *Defendants.* | Case No. 19-CV-993 (MCA) (LDW) <br><br><br><br> **CONSENT JUDGMENT** |

WHEREAS Plaintiffs Priti Gupta ("Gupta") and Srinivas Bandamede ("Bandamede") (collectively, "Plaintiffs") on the one hand, and Defendants Urban Food Bazaar LLC, Urban Food Logistics, LLC and Jesal Parekh ("Parekh") (collectively, "Defendants") on the other hand (Plaintiffs and Defendants are collectively referred to herein as the "Settling Parties"), reached a settlement of the above-captioned lawsuit as set forth in the Settlement Agreement and Release entered into in or around November 2019 ("Settlement Agreement") and to which this Consent Judgment is attached as Exhibit A and which is described in paragraph 3 of the Settlement Agreement and Release;

WHEREAS, as set forth in the Settlement Agreement, in the event of an uncured default by Parekh in making the Settlement Payments required by the Settlement Agreement paragraph 2, Plaintiffs are permitted to file this Consent Judgment with any court of competent jurisdiction within the State of New Jersey, in the amount of thirty seven thousand five hundred dollars and

no cents ($37,500.00), less any amounts paid by Parekh towards the Settlement Payments described in paragraph 2 of the Settlement Agreement;

WHEREAS Plaintiffs, by submitting this Consent Judgment to the Court (on notice to Defendants), represents to the Court that the Parekh has defaulted and not cured, after notice required by the Settlement Agreement paragraph 3, on payment of the Settlement Payments under the Settlement Agreement; and

NOW, it is on this _____ day of _____ 20___

ORDERED, with the consent of the Parekh as indicated by his signature below and the terms of the Settlement Agreement, that Judgment be and is hereby entered in the amount of _____, plus reasonable attorneys' fees and costs in the amount of $_____, against Defendant Jesal Parekh.

_____
Hon.

Consent:

_____
Jesal Parekh

Notary Public:

_____

KEVIN MONTOYA
Notary Public - State of New Jersey
My Commission Expires May 13, 2021