UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRITI GUPTA and SRINIVAS BANDAMEDE, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>URBAN FOOD BAZAAR LLC, *et al.*,<br><br>Defendants. | Civil Action No.<br><br>19-993 (LDW)<br><br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT** |

**THIS MATTER** comes before the Court on the parties' joint motion for settlement approval. (ECF Nos. 19, 26). The parties have consented to have a Magistrate Judge conduct these settlement approval proceedings. (ECF No. 21).

### I.     Background and Procedural History

1.     The parties' proposed settlement resolves all claims in the action entitled *Gupta, et al. v. Urban Food Bazaar LLC, et al.*, Civ. A. No. 19-993 (LDW), which is currently pending before this Court.

2.     Plaintiffs Priti Gupta and Srinivas Bandamede commenced this putative collective and class action on January 23, 2019, alleging that defendants failed to pay them the required minimum wage and overtime wages for time worked in excess of forty hours per week in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a), *et seq*. ("NJWHL"). (Complaint, ECF No. 1).

3.     Defendants answered the complaint on April 18, 2019. (ECF No. 7). The parties then engaged in several months of fact discovery.

## II.     Settlement Terms

4.     During an October 16, 2019 telephone conference, the parties informed the Court that they had engaged in good faith, arms-length negotiations and ultimately agreed to a settlement of plaintiffs' claims on an individual basis.

5.     The parties submitted a proposed settlement agreement on November 27, 2019. (ECF No. 19).  Following a telephone conference with the undersigned on January 29, 2020, the parties submitted a revised settlement agreement and joint motion for settlement approval on March 4, 2020.  (ECF No. 26).

6.     The parties have agreed to settle this case for a total amount of $75,000.00 as follows:

   a. Defendants Jesal Parekh and Maximus D'Souza have each agreed to make installment payments totaling $30,000.00 to plaintiff Priti Gupta.

   b.  Defendants Jesal Parekh and Maximus D'Souza have each agreed to make installment payments totaling $15,000.00 to plaintiff Srinivas Bandamede.

   c. Finally, defendants Jesal Parekh and Maximus D'Souza have each agreed to make installment payments totaling $30,000.00 in attorneys' fees to Akin Law Group PLLC.

## III.     Approval of Settlement

7.     To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"  *Brumley v. Camin Cargo Control, Inc.*, Civ. A. Nos. 08-1798, 10-2461, 09-6128, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

8. "In determining whether the compromise resolves a bona fide dispute, the Court must be reassured that the settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching, and the bona fide dispute must be determined to be one over factual issues not legal issues such as the statute's coverage or applicability." *Id.* (internal quotations and alterations omitted).

9. Here, the settlement resolves a bona fide dispute over whether plaintiffs worked sufficient weekly hours to entitle them to overtime pay.

10. "In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA." *Davis v. Essex County*, Civ. A. No. 14-1122, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015).

11. The Court finds that the settlement reflects a fair and reasonable compromise of disputed issues. The parties' settlement recognizes the expense of ongoing litigation as well as the risks of establishing liability and damages. *See Rabbenou v. Dayan Foods, Ltd.*, No. 17-1330, 2017 WL 3315263, at *1 (D.N.J. Aug. 3, 2017).

12. Further, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

13. Finally, the proposed settlement would not otherwise frustrate the implementation of the FLSA. The settlement agreement does not include confidentiality or non-disparagement provisions. *See Mabry v. Hildebrandt*, Civ. A. No. 14-5525, 2015 WL 5025810, at *3 (E.D. Pa. Aug. 24, 2015) ("Courts have approved truly 'limited,' or narrowly drawn, confidentiality or non-disparagement clauses only where the clauses did not prevent plaintiffs from discussing the

3

settlements with defendants' employees."); *Lyons v. Gerhard's, Inc.*, Civ. A. No. 14-6693, 2015 WL 4378514, at *5 (E.D. Pa. July 16, 2015). Nor does the settlement agreement provide for a general release of claims. *See Brumley*, 2012 WL 1019337, at *8.

## IV.     Conclusion and Dismissal

14. Having considered the parties' submissions in support of their joint motion for settlement approval, and for good cause shown, the Court approves the settlement memorialized in the final executed settlement agreements (ECF Nos. 26-1, 26-2) and approves the payments to be made to plaintiffs as set forth therein.

15. The parties shall proceed with the administration of the settlement in accordance with the terms of the settlement agreement.

16. The Clerk of Court is directed to terminate the motion at ECF No. 26 and mark this matter closed.

**It is SO ORDERED this 24th day of March, 2020.**

*s/ Leda Dunn Wettre, U.S.M.J.*